UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
**JOHN FLYNN**, *et al.*,           )
                                    )
      **Plaintiffs,**  )
                                    )
      v.              )   Civil Action No. 07-625 (ESH)
                                    )
**MCCORMICK TILE LLC,**             )
                                    )
      **Defendant.**   )
_____ )

### MEMORANDUM OPINION

Before the Court is plaintiffs' motion for entry of default judgment. This case is an action for legal and equitable relief under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. § 1145. Defendant was served with the complaint on July 24, 2007, but has not appeared or responded. Default was entered by the Clerk of Court on September 4, 2007. Plaintiffs have moved for entry of default judgment pursuant to Fed. R. Civ. P. 55(b)(2).[1]

The determination of whether default judgment is appropriate is committed to the discretion of the trial court. *Jackson v. Beech*, 636 F.2d 831, 836 (D.C. Cir. 1980). For default judgment, defendant must be considered a "totally unresponsive" party and its default plainly willful, reflected by its failure to respond to the summons and complaint, the entry of default, or the motion for default judgment. *Gutierrez v. Berg Contracting Inc.*, 2000 WL 331721, *1 (D.D.C. March 20, 2000) (citing *Jackson*, 636 F.2d at 836). Given "the absence of any request

---

[1] The Court has jurisdiction over this matter pursuant to 29 U.S.C. § 1132(e)(1), and venue is proper under 29 U.S.C. § 1132(e)(2). The Court has jurisdiction over defendant pursuant to 29 U.S.C. § 1132(e)(2) and Fed. R. Civ. P. 4(k)(1)(D).

to set aside the default or suggestion by the defendant that it has a meritorious defense," it is clear that the standard for default judgment has been satisfied. *Id.*

Although the default establishes a defendant's liability, the Court makes an independent determination of the sum to be awarded in the judgment unless the amount of damages is certain. *Adkins v. Teseo*, 180 F. Supp. 2d 15, 17 (D.D.C. 2001). Pursuant to 29 U.S.C. § 1132(g)(2), the Court shall award plaintiffs: (A) the unpaid contributions; (B) interest on the unpaid contributions; (C) an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under federal or state law) of the amount determined by the court under subparagraph (A); (D) reasonable attorney's fees and costs of the action, to be paid by the defendant; and (E) such other legal or equitable relief as the court deems appropriate.

Plaintiffs have filed the declarations of David F. Stupar, Executive Director of the Bricklayers & Trowel Trades International Pension Fund ("the Fund"), and Ira R. Mitzner, Esq., in support of the motion for default judgment. Based on the declarations, the Court finds that plaintiffs have established damages in the amount of $14,313.15 in unpaid contributions to the Fund for the periods of December 2005 and March 2006 through July 2006, pursuant to 29 U.S.C. § 1132(g)(2)(A); $2,902.50 in interest on those unpaid contributions, pursuant to 29 U.S.C. § 1132(g)(2)(B); and $2,902.50 as an additional amount equal to the interest on those unpaid contributions, pursuant to 29 U.S.C. § 1132(g)(2)(C)(i). In addition, plaintiffs are entitled to attorney's fees in the amount of $1,974.50 and costs in the amount of $743.70, pursuant to 29 U.S.C. § 1132(g)(2)(D).

Therefore, judgment will be entered for plaintiffs in the amount of $22,836.35, pursuant

to 29 U.S.C. § 1132(g)(2).  A separate order of judgment will accompany this opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date:  September 19, 2007